# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT DIGGINS (#437583) | CIVIL ACTION |
| VERSUS | |
| KENYON MEARDAY, ET AL. | NO. 16-579-JWD-RLB |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on December 20, 2017.

 

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**ROBERT DIGGINS (#437583)**  CIVIL ACTION

**VERSUS**

**KENYON MEARDAY, ET AL.**  NO. 16-579-JWD-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Motion for Summary Judgment filed on behalf of defendant Sgt. Eric Turner (R. Doc. 21). The Motion is not opposed.

The *pro se* plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Sgt. Eric Turner, Sgt. Kenyon Mearday, Sgt. Jones, and Major Simon complaining that his constitutional rights have been violated due to the defendants' retaliation for filing a grievance against defendant Sgt. Turner.[1]

Defendant Sgt. Turner moves for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, certified copies of the plaintiff's pertinent Requests for Administrative Remedy, and the affidavit of Trish Foster. Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court

---

[1] The summons issued to Sgt. Kenyon Mearday, Sgt. Jones, and Major Simon were returned unexecuted. The return indicates that Sgt. Mearday is no longer employed, and that first names were needed for Sgt. Jones and Major Simon. The plaintiff has not taken any additional steps to effectuate service on these defendants. Accordingly, it is recommended that any claims against Sgt. Kenyon Mearday, Sgt. Jones, and Major Simon be dismissed without prejudice for failure to serve them within the time periods required under Rule 4 of the Federal Rules of Civil Procedure.

of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint, the plaintiff alleges that on while in administrative segregation defendant Sgt. Turner would not provide the plaintiff with a jumpsuit, soap, and other items. On August 14, 2015, Sgt. Turner threatened to retaliate against the plaintiff if he submitted a grievance regarding the jumpsuit, soap, and other items. Sgt. Turner threatened to have the

plaintiff moved to another area of the prison where he would be attacked by other inmates. The plaintiff still chose to file his grievance, which was denied at both steps.

On October 30, 2015, the plaintiff was let out of his cell for his recreation hour at 9:30 p.m. rather than during the day as usual. While the plaintiff was out of his cell, Sgt. Mearday harassed the plaintiff because he would not bring a cigarette to another offender. The plaintiff then returned to his cell to retrieve his shower clothes, and while doing so, Sgt. Mearday opened offender Noel Dean's cell and offender Dean then stabbed the plaintiff multiple times.

When the plaintiff tried to explain to Major Simon that Sgt. Mearday had purposefully let offender Dean out of his cell, Major Simon told the plaintiff to "shut the …. up" and that he "don't like rats." Major Simon instructed Sgt. Mearday to write up the plaintiff and offender Dean to cover up the incident. Offender Dean later told unknown persons that an officer had asked him to attack the plaintiff due to the filing of the plaintiff's grievance against Sgt. Turner.

In response to the plaintiff's allegations, defendant Sgt. Turner contends that the plaintiff's claims are subject to dismissal for failure to exhaust administrative remedies. In this regard, pursuant to 42 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this Court with respect to prison conditions.[2] This provision is mandatory and applies broadly to "all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further, a prisoner must exhaust administrative remedies by complying with applicable prison grievance procedures before filing a suit relative to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be

---

[2] 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'" *Johnson v. Johnson*, *supra*, 385 F.3d at 516, *quoting Porter v. Nussle*, *supra*, 534 U.S. at 525. Further, the degree of specificity necessary in a prisoner's grievance should be evaluated in light of this intended purpose. *Id.*

A review of the certified copies of the plaintiff's pertinent Requests for Administrative Remedy shows that the plaintiff submitted two ARPs regarding the complained of incidents allegedly occurring on October 30, 2015. The plaintiff's first ARP ("2015-3117") is dated November 3, 2015, and was withdrawn by the plaintiff on November 16, 2015. *See* R. Doc. 18-3.

The plaintiff's second ARP is dated December 13, 2015, and the plaintiff alleges in his Complaint that he submitted this ARP on January 21, 2016 and again via fax on January 26, 2016. *See* R. Docs. 1 and 18-4. This ARP was not marked as received until May 12, 2016, and was rejected on May 24, 2016 as untimely since more than 90 days had passed between the date of the complained of incident and receipt of the plaintiff's ARP. *See* R. Doc. 18-4.

In the Motion for Summary Judgment (R. Doc. 21), defendant Sgt. Turner contends that the plaintiff's claims were properly rejected, but not exhausted for purposes of bringing suit in federal court. Defendant Sgt. Turner asserts that any cause of action based on these claims should be dismissed for failure to exhaust administrative remedies.

Subsection I of the Louisiana Administrative Remedy Procedure provides in pertinent part, "The ARP screening officer shall furnish the offender with notice of the initial acceptance

or rejection of the request to advise that his request is being processed or has been rejected…If a request is rejected, it must be for one of the following reasons, which shall be noted on the request for administrative remedy or on the offender's written letter…(i). There has been a time lapse of more than 90 days between the event and the initial request, unless waived by the warden." *See* La. Admin. Code Tit. 22, PT. I, § 325(I).

The Louisiana Administrative Remedy Procedure further provides in pertinent part, "**Prior to filing a grievance in federal or state court**, unless specifically excepted by law, the offender must exhaust all administrative remedies. **Exhaustion occurs** (a) when the relief requested has been granted; (b) when the second step response has been issued; or **(c) when the grievance has been screened and rejected for one of the reasons specified in Subsection I, Grievance Screening**." *See* La. Admin. Code Tit. 22, PT. I, § 325(F)(3)(a)(viii)(c) (emphasis added). This provision was made effective October 20, 2013. Defendant Sgt. Turner has not pointed the Court to any decision specifically addressing the effect of this revision to the Code.

Based on a plain reading of the foregoing, pursuant to § 325(F)(3)(a)(viii)(c), the Code provides that exhaustion for purposes of filing suit in federal court occurs under multiple circumstances, specifically including when they were rejected for the reasons specified in § 325(I). This language has been applied to find that a plaintiff's claims were exhausted upon rejection in the screening process. In *Anderson v. Wilkinson*, 2014 WL 992078 (W.D. La. Mar. 13, 2014), the defendants filed a Motion for Summary Judgment asserting that the plaintiff failed to exhaust his administrative remedies as required by the PLRA. Anderson's grievance was rejected pursuant to § 325(I)(a)(ii)(f) because the request was not written by the offender and a waiver was not approved. Relying upon § 325(I)(1)(a)(i) and (b), the Court concluded that because Anderson's grievance was rejected at the first step, Anderson was not required to pursue

the grievance to the second step. The Court further concluded that upon rejection of Anderson's grievance by the screening officer for a reason specified in § 325(I), the grievance was exhausted under § 325(F), and the Court denied the defendants' Motion for Summary Judgment.

This same reasoning has been applied in this district as well. *See Moore v. Cain*, Civ. No. 15-812-JJB-EWD, 2017 WL 583145 (M.D. La. Jan. 23, 2017), *report and recommendation adopted*, 2017 WL 579907 (M.D. La. Feb. 13, 2017); *Wade v. Cain*, Civ. No. 15-737-JWD-EWD, 2016 WL 5429671 (M.D. La. Aug. 24, 2016), *report and recommendation adopted*, 2016 WL 5477101 (M.D. La. Sep. 27, 2016); *Deal v. Dept. of Corrections*, Civ. No. 15-534-BAJ-EWD, 2016 WL 4211892, *3 (M.D. La. Aug. 9, 2016).

Defendant Sgt. Turner argues that, despite the definition of exhaustion set forth above, when a grievance is rejected at the screening stage it cannot be considered properly and completely exhausted because § 325(J)(1)(b)(iv) states, "If an offender is not satisfied with the second step response, he may file suit in district court." Defendant Sgt. Turner argues that this is the only subsection of § 325 which expressly provides that if a certain condition is met, the prison may file suit in district court.

The defendant's argument is without merit. As previously noted, the Louisiana Administrative Remedy Procedure provides that prior to filing a grievance in federal or state court, the offender must exhaust all administrative remedies, and that exhaustion occurs (a) when the relief requested has been granted; (b) when the second step response has been issued; or (c) when the grievance has been screened and rejected for one of the reasons specified in Subsection I, Grievance Screening. Accordingly, the administrative remedy procedure provides only one prerequisite to filing suit – exhaustion. The administrative remedy procedure further provides three different methods of exhaustion – granting of relief, issuance of a second step response,

and rejection for one of the stated reasons. "Phrased in the disjunctive, any of the foregoing equates to exhaustion." *Donahue v. Wilder*, Civ. No. 15-499-JWD-RLB, 2016 WL 552588, *5 (M.D. La. Feb. 10, 2016). As such, § 325(J)(1)(b)(iv), pertaining to the filing of suit after the issuance of a second step response, is wholly inapplicable to an offender whose grievance has been screened and rejected for one of the reasons specified in Subsection I, Grievance Screening.

Simply put, the Code provides that "exhaustion occurs" under three circumstances. Given defendant Sgt. Turner's acknowledgment that one of those circumstances is present here, based on a plain reading of the aforementioned administrative provisions, the Court concludes that the defendant is not entitled to summary judgment on the grounds that the plaintiff failed to exhaust his administrative remedies.

## RECOMMENDATION

It is recommended that any claims against Sgt. Kenyon Mearday, Sgt. Jones, and Major Simon be dismissed without prejudice for failure to serve them within the time periods required under Rule 4 of the Federal Rules of Civil Procedure. It is further recommended that defendant Sgt. Turner's Motion for Summary Judgment (R. Doc. 21) be denied.

Signed in Baton Rouge, Louisiana, on December 20, 2017.

 **RICHARD L. BOURGEOIS, JR.**
 **UNITED STATES MAGISTRATE JUDGE**