UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROBERT DIGGINS (#437583)                                      CIVIL ACTION

VERSUS

KENYON MEARDAY, ET AL.                                        NO. 16-579-JWD-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 23, 2019.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROBERT DIGGINS (#437583)                                CIVIL ACTION

VERSUS

KENYON MEARDAY, ET AL.                                  NO. 16-579-JWD-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Cross Motions for Summary Judgment filed on behalf of plaintiff Robert Diggins (R. Doc. 35) and defendant Sgt. Eric Turner (R. Doc. 39). The plaintiff's Motion is opposed. *See* R. Doc. 40.

The *pro se* plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Sgt. Eric Turner, Sgt. Kenyon Mearday, Sgt. Jones, and Major Simon complaining that his constitutional rights have been violated due to the defendants' retaliation for filing a grievance against defendant Sgt. Turner.[1]

The plaintiff moves for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, his own affidavit[2], and copies of his pertinent Requests for Administrative Remedy, excerpts of his medical records, a disciplinary proceeding, correspondence sent to the Legal Programs Department, an Unusual Occurrence Report, a policy titled, "Smoking Policy," and the affidavit of Trish Foster. Defendant Sgt. Turner moves for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, the affidavit of defendant Eric Turner, and

---

[1] Defendants Mearday, Sgt. Jones, and Major Simon were previously dismissed. *See* R. Docs. 22 and 24.
[2] The plaintiff submitted a document titled, "Plaintiff's Affidavit in Support of Motion for Summary Judgment." *See* R. Doc. 35-2. The document appears to be incomplete as it contains only three statements and is not verified or signed by the plaintiff.

copies of the plaintiff's enemy list, Camp J Gator Unit Daily Post Roster dated 10/30/15, Camp J Gator 1 and 2 Unit Logbook dated 10/30/15, Camp J Gar 1 and 2 Unit Logbooks dated 8/12/15 – 8/15/15, Shower Log for Far 1/R dated 8/12/15, 8/14/15, and 8/15/15, defendant Eric Turner's time sheet for 10/26/15 – 11/8/15, Time Clock Cards for Gar 1 dated 8/12/15 through 8/15/15, the plaintiff's pertinent Requests for Administrative Remedy, and Unusual Occurrence Reports authored by Perry Dixon and Kenyon Mearday.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is

appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint, the plaintiff alleges that on while in administrative segregation defendant Sgt. Turner would not provide the plaintiff with a jumpsuit, soap, and other items. On August 14, 2015, Sgt. Turner threatened to retaliate against the plaintiff if he submitted a grievance regarding the jumpsuit, soap, and other items. Sgt. Turner threatened to have the plaintiff moved to another area of the prison where he would be attacked by other inmates. The plaintiff still chose to file his grievance, which was denied at both steps.

On October 30, 2015, the plaintiff was let out of his cell for his recreation hour at 9:30 p.m. rather than during the day as usual. While the plaintiff was out of his cell, Sgt. Mearday harassed the plaintiff because he would not bring a cigarette to another offender. The plaintiff then returned to his cell to retrieve his shower clothes, and while doing so, Sgt. Mearday opened offender Noel Dean's cell and offender Dean then stabbed the plaintiff multiple times.

When the plaintiff tried to explain to Major Simon that Sgt. Mearday had purposefully let offender Dean out of his cell, Major Simon told the plaintiff to "shut the …. up" and that he "don't like rats." Major Simon instructed Sgt. Mearday to write up the plaintiff and offender Dean to cover up the incident. Offender Dean later told unknown persons that an officer had asked him to attack the plaintiff due to the filing of the plaintiff's grievance against Sgt. Turner.

With regards to the plaintiff's claim against him, defendant Turner asserts that he is entitled to qualified immunity in connection with the plaintiff's claim. Specifically, defendant Turner contends that the plaintiff's allegations and evidentiary showing fail to show the existence of a genuine issue of disputed fact relative to any alleged violation of the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id.* The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id.* at 202. The assertion of the qualified immunity defense alters the summary judgment burden of proof. *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005). Once a defendant pleads qualified immunity, the burden shifts to the plaintiff, who "must rebut the defense by establishing that the official's allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of the official's conduct." *Gates v. Texas Department of Protective and Regulatory Services*, 537 F.3d 404, 419 (5th Cir. 2008), *citing Michalik v. Hermann, supra*, 422 F.3d at 262.[3]

---

[3] The United States Supreme Court has held that rigid chronological adherence to the *Saucier* two-step methodology is not mandatory. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Although the *Saucier* methodology will be

Undertaking the qualified immunity analysis with respect to the plaintiff's claim for retaliation asserted against defendant Turner, the Court finds that motion for summary judgment should be denied.[4]  Specifically, the Court finds that there are disputed questions of material fact.

It is prohibited for prison officials to take action against an inmate in retaliation for the inmate's exercise of his constitutional rights.  *See Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995).  The purpose of allowing retaliation claims under § 1983 is to ensure that prisoners are not unduly discouraged from exercising their constitutional rights.  *Morris v Powell*, 449 F.3d 682, 686 (5th Cir. 2006).  Claims of retaliation by prison inmates, however, are regarded with skepticism, lest the federal courts potentially embroil themselves in every adverse action that occurs within a penal institution.  *Woods v. Smith, supra*, 60 F.3d at 1166.  Accordingly, to prevail on a claim of retaliation, a prisoner must establish (1) that he was exercising or attempting to exercise a specific constitutional right, (2) that the defendant intentionally retaliated against the prisoner for the exercise of that right, (3) that an adverse retaliatory action, greater than *de minimis*, was undertaken against the prisoner by the defendant, and (4) that there is causation, *i.e.*, that "but for" the retaliatory motive, the adverse action would not have occurred.  *Morris v. Powell, supra*, 449 F.3d at 684.  *See also Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003); *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999).  An inmate must allege more than his mere personal belief that he is the victim of retaliation, *Johnson v. Rodriguez*, 110 F.3d 299 (5th Cir. 1997), and inasmuch as claims of retaliation are not favored, it is Plaintiff's burden to provide more than conclusory allegations of retaliation:

---

"often beneficial", the Court in *Pearson* leaves to the lower courts discretion as to the order in which they may wish to address the two prongs of the qualified immunity analysis.  *Id.*

[4] It is clear that the plaintiff is asserting a claim for retaliation against defendant Turner.  As such, the Court will not address the defendant's arguments regarding perceived claims of failure to protect, deliberate indifference, or excessive force.

> To state a claim of retaliation an inmate must ... be prepared to establish that but for the retaliatory motive the complained of incident ... would not have occurred. This places a significant burden on the inmate.... The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred.

*Woods v. Smith, supra*, 60 F.3d. at 1166.

Applying the foregoing standards, the Court finds that there are disputed questions of material fact. In connection with his Motion for Summary Judgment the plaintiff states, under penalty of perjury (R. Doc. 35-1 at 10), that in August of 2015 he informed defendant Turner that he intended to file a grievance, and defendant Turner responded by telling the plaintiff that if he did file a grievance, defendant Turner would have the plaintiff moved to Gator Unit where he had officers and inmates willing to attack the plaintiff. The plaintiff further states that he wrote letters of complaint to Wardens Smith and Vanoy and was then informed by defendant Turner that he could expect retribution for writing letters and filing grievances. The plaintiff further states that he was moved to Gator Unit where he was subsequently attacked, in October of 2015, when he was let out of his cell at an unusual time and another offender was also let out of his cell, giving that offender an opportunity to stab the plaintiff. *See* R. Doc. 35-1. As such, the plaintiff has alleged, under penalty of perjury, a chronology of events from which retaliation can be plausibly inferred.

Defendant Turner has presented his own competing sworn affidavit, attesting that, he was not present on the date when the plaintiff was attacked, and on that date had no knowledge of a grievance being filed against him by the plaintiff. *See* R. Doc. 39-3. As such, the parties have provided competing sworn accounts of the events, and the resolution of the factual dispute will require credibility determinations that are not susceptible of determination on motion for

summary judgment.  In light of the apparent disputed fact issues regarding the plaintiff's retaliation claim, the Cross Motions for Summary Judgment should be denied.

## RECOMMENDATION

It is recommended that the Cross Motions for Summary Judgment (R. Docs. 35 and 39) be denied.  It is further recommended that this matter be referred back to the undersigned for further proceedings.

Signed in Baton Rouge, Louisiana, on April 23, 2019.

    **RICHARD L. BOURGEOIS, JR.**
    **UNITED STATES MAGISTRATE JUDGE**